**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOB HILL OF PITTSBURGH APTS. LIMITED PARTNERSHIP, on behalf of itself and others similarly situated, | : : : : | Case No. 1:18-cv-532 |
| PLEASANT HILLS APARTMENT LIMITED PARTNERSHIP, on behalf of itself and others similarly situated, | : : : : | **JURY DEMANDED** |
| ROSS TOWNSHIP APTS. LIMITED PARTNERSHIP, on behalf of itself and others similarly situated, | : : : : | |
| TOWER IN THE PARK LLC, on behalf of itself and others similarly situated, | : : | |
| BOULEVARD TOWERS APARTMENTS LLC, on behalf of itself and others similarly situated, | : : : : | |
| NORSTAR APARTMENTS LLC, on behalf of itself and others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| COINMACH LAUNDRY LLC, | : : | |
| Defendant. | : | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      Plaintiffs Nob Hill of Pittsburgh Apts. Limited Partnership, Pleasant Hills

Apartment Limited Partnership, Ross Township Apts. Limited Partnership, Tower in the Park

LLC, Boulevard Towers Apartments LLC, and Norstar Apartments LLC (collectively,

"Plaintiffs") bring this action against Defendant Coinmach Laundry LLC, successor to Coinmach

Laundry Corporation (collectively "Defendant"), on behalf of themselves and a class of similarly situated customers of Defendant from whom Defendant leased laundry facilities located at residential apartment complexes.

2.    Defendant entered into agreements with Plaintiffs to share the revenue Defendant collected from operating the laundry facilities according to a specified ratio.  However, despite these agreements, Defendant later unilaterally imposed a never-before-heard-of, so-called "Administrative Fee" on Plaintiffs, calculated as a percentage of the revenue the Plaintiffs would have otherwise received.

3.    Defendant thereby took back revenue that should have gone to Plaintiffs, who own the apartment properties, increasing Defendant's own percentage of the revenues at Plaintiffs' expense.

**Parties**

4.    Plaintiff Nob Hill of Pittsburgh Apts. Limited Partnership is an Ohio limited partnership with its principal place of business in Pittsburgh, Pennsylvania.

5.    Plaintiff Pleasant Hills Apartment Limited Partnership is a Pennsylvania limited partnership with its principal place of business in Pittsburgh, Pennsylvania.

6.    Plaintiff Ross Township Apts. Limited Partnership is a Pennsylvania limited liability partnership with its principal place of business in Pittsburgh, Pennsylvania.

7.    Plaintiff Tower in the Park LLC is an Ohio limited liability company with its principal place of business in Berea, Ohio.

8.    Plaintiff Boulevard Towers Apartments LLC is a New York limited liability corporation with its principal place of business in Amherst, New York.

9.      Plaintiff Norstar Apartments LLC is a New York limited liability corporation with its principal place of business in Liverpool, New York.

10.     Defendant Coinmach Laundry LLC is a Delaware limited liability company with its principal place of business in Plainview, New York.  It is the successor entity to Coinmach Laundry Corporation.

### Jurisdiction and Venue

11.     This Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds the sum or value of $5,000,000.

12.     Venue is proper in this District pursuant to the forum selection clause in the Lease Agreements attached hereto as Exhibit 1.

### Factual Allegations

13.     Plaintiffs are owners of residential apartment complexes, each of which includes a laundry facility.

14.     On September 26, 2001, Plaintiffs entered into substantively identical Lease Agreements with Defendant.  Pursuant to the Lease Agreements, Plaintiffs each leased to Defendant a laundry facility, in which Defendant was to install and operate laundry equipment and related fixtures.

15.     The Lease Agreements were standardized, generic form contracts drafted by Defendant.

16.     Pursuant to the Lease Agreements, the parties agreed to split the revenues from the laundry facilities.  Specifically, they agreed that as rent for the laundry facilities, Defendant was to pay Plaintiffs 64.5% of its gross receipts per month or $9.00 per apartment unit, whichever was greater.

3

17.    The parties further agreed that rent not paid when due bears interest at a rate of 12% per year.

18.    The parties agreed to amend each of Plaintiffs' Lease Agreements between 2011 and 2013 in order to, among other things, extend the term of each Lease Agreement by 10 years. However, the parties' agreement to split revenues was unchanged, except in the case of Plaintiff Tower in the Park LLC, which agreed with Defendant that its share of the gross receipts would be increased from 64.5% to 67.5%.

19.    Upon information and belief, Defendant regularly used a form document substantially similar to the Lease Agreements attached hereto to lease real estate located in Ohio from numerous lessors and/or that provides that the laws of the state of Ohio, without regard to its conflict of laws provisions, shall govern the agreement (hereinafter the "Ohio Lessors").

20.    Defendant paid Plaintiffs the agreed-upon portion of the revenues until on or around June 19, 2017, when Defendant sent a letter to Plaintiffs, and on information and belief, a substantively identical letter to the other Ohio Lessors, unilaterally declaring that Defendant was going to reduce their percentage of the revenues by imposing upon them an "Administrative Fee" of 9.75% of the amount they would have otherwise received according to their Lease Agreement.

21.    This exact 9.75% fee was imposed upon other similarly situated customers of Defendant across the nation.  Defendant's parent company, CSC Serviceworks, published a notification of its new 9.75% Administrative Fee on its website, indicating that Defendant imposed the fee on all customers without exception.

22.    On its website, CSC Serviceworks proffered an explanation for the fee.  It explained that it decided to impose the Administrative Fee on its customers because of "pressure[] on CSC's financial performance and our ability to reinvest in our people, clients and

4

communities." (*See* https://www.cscsw.com/feetransparency.)  In other words, CSC believed it was not making enough money and decided to take money that the parties had agreed would go to Plaintiffs.

23.     However, the Lease Agreements do not give Defendant the right to impose any sort of fee resembling the 9.75% Administrative Fee or to alter the formula for dividing the revenues from the laundry facilities.

24.     As a result, Plaintiffs have experienced and will continue to experience a shortfall in the rent payments that they bargained for under the Lease Agreements.

25.     Moreover, in Plaintiffs' case, not only did the 9.75% Administrative Fee cut into the 64% (or in Tower in the Park, LLC's case, 67.5%) of gross receipts that Plaintiffs were entitled to, it actually caused Plaintiffs' share of the gross receipts to drop below the fixed $9.00 per apartment unit minimum payment that the parties had agreed upon.

**Class Action Allegations**

26.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27.     The class of persons or entities Plaintiffs propose to represent is tentatively defined as:

> All persons or entities that entered into a lease of a laundry facility in the state of Ohio with Defendant or that entered into a lease of a laundry facility with Defendant that includes a choice of law provision specifying that Ohio law governs, and were thereafter unilaterally charged an administrative fee.

28.     The class defined above is identifiable through Defendant's records of the persons and entities they contracted with.

29.     The potential class members number in the hundreds or thousands because Defendant is a large company operating across the state of Ohio and nationwide.  Individual joinder of all of these persons and entities is impracticable.

30.     Plaintiffs are members of the proposed class.

31.     There are questions of law and fact common to Plaintiffs and the proposed class, including but not limited to whether Defendant imposed an unauthorized fee on Plaintiffs and whether Plaintiffs are entitled to damages as a result.

32.     Plaintiffs' claims are typical of the claims of class members.  Plaintiffs' claims, like the claims of the class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

33.     Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class, they will fairly and adequately protect the interests of the class, and they are represented by counsel skilled and experienced in class actions.

34.     Common questions of law and fact predominate over questions affecting only individual class members.

35.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

**Legal Claims**

**COUNT I: BREACH OF CONTRACT**

36.     Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

37.     Plaintiffs entered into Lease Agreements with Defendant specifying how revenue from Plaintiffs' laundry facilities was to be divided.

38.     Defendant thereafter unilaterally imposed an unauthorized fee upon Plaintiffs in order to increase Defendant's share of the revenues at Plaintiffs' expense.

39.     Defendant thereby withheld a percentage of rent payments that Defendant should have made to Plaintiffs, constituting a breach of the Lease Agreements.

40.     Plaintiffs have been damaged by Defendant's breach of the Lease Agreements.

## Prayer for Relief

For itself and all class members, Plaintiffs request the following relief:

A.     Certification of the proposed class;

B.     Appointment of Plaintiffs as representatives of the class;

C.     Appointment of undersigned counsel as counsel for the class;

D.     An award to Plaintiffs and the class of damages, as allowed by law;

E.     An order enjoining Defendant from continuing to engage in the unlawful conduct set forth herein;

F.     Leave to amend this Complaint to conform to the evidence presented at trial; and

G.     Orders granting such other and further relief as the Court deems necessary, just and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable.**

PLAINTIFFS,
By their attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy (0070654)
Geoffrey J. Moul (0070663)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
moul@mmmb.com
misny@mmmb.com